IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                           No. CR 00-488 MV

JEFFREY D. PRICE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Appeal of Magistrate's Denial of Motion to Suppress the Results of a Breathalyzer Test.  The Court, having reviewed the briefs, the transcript, relevant law, and being otherwise fully informed finds that the warning given to Defendant was appropriate and the breathalyser test was taken voluntarily without coercion.  As such, the Court finds that the appeal is not well-taken and will be **DISMISSED** and Magistrate Judge DeGiacomo's ruling will be **AFFIRMED.**

On October 13, 1999, Defendant was detained on Kirtland Airforce Base for suspicion of driving while intoxicated.  At some point during his detention, Defendant was transported to the Law Enforcement Desk where he was read the New Mexico Implied Consent Act and was advised that if he failed to cooperate with the administration of the test, his "driver's license and/or driving privileges will be revoked for a period of one year."  Defendant understood this to mean that his New Mexico driving privileges would be revoked.  After considering the ramifications of the Act, Defendant submitted to a breathalyser test which revealed that Defendant had a blood alcohol level above the legal limit.

The New Mexico Implied Consent Act states that anyone who operates a motor vehicle in the state and who is arrested for driving while intoxicated, has by their actions, consented to the administration of a breathalyser or chemical test.  Under the New Mexico Implied Consent Act, anyone who refuses to consent to a breathalyser test may have his New Mexico driver's license revoked for a year.   The federal Implied Consent Act is comparable, however only provides that an individual who refuses a breathalyser test will lose their privilege to drive on federal lands. *See* 18 U.S.C. § 3118.   Under both acts, a driver suspected of driving while intoxicated is deemed to have consented to a breathalyser test.  It is clear that the New Mexico Implied Consent Act does not apply to federal lands.  *See United States v. Love*, 141 F.R.D. 315 (D. Colo. 1992) (Assimilative Crimes Act which incorporates state criminal laws onto federal land does not incorporate state alcohol testing laws or implied consent laws.)  Thus, the federal government only had the authority to suspend Defendant's driving privileges on federal land, rather than on state land.  Defendant now challenges the voluntariness of his breathalyser test arguing that he was given improper warnings and was unduly coerced by the prospect of losing his New Mexico driver's license for a year.  Although the federal government does not have the authority to suspend Defendant's driving privileges from the State of New Mexico, federal officers are authorized to submit a sworn statement which can be used by the State of New Mexico to revoke the state driving privileges of someone who refuses to submit to a breathalyser test.[1]  Thus, the

---

[1] Defendant also argues that the voluntariness of Defendant's submission to the breathalyser test is irrelevant because the Defendant did not have right under the law to refuse to cooperate with the administration of the test.  *See South Dakota v. Neville*, 459 U.S. 553, 559-60 (1983) (holding that the government may "force a person suspected of driving while intoxicated to submit to a blood alcohol test.")  In fact, refusal to submit to a breathalyser test is an aggravating factor justifying the imposition of enhanced penalties under the state and federal law.  *See* U.S.C. § 13 (assimilating NM Stat. Ann § 66-8-102(D)(3)).   Thus consent to submit to chemical tests is a condition of the privilege to drive on federal installations and is deemed to be given by the mere act of driving on the base.  Although these arguments

warning provided to Defendant accurately described all potential consequences under the law. Considering the totality of the circumstances under which consent to the breathalyser test was given, *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973), the Court finds that Defendant was properly advised of the legal ramifications of a refusal to submit to a breathalyser test and voluntarily gave his breath sample.

    **DATED** this 11th day of August, 2000.

                                                       MARTHA VÁZQUEZ
                                                      U. S. DISTRICT JUDGE

Attorney for Defendant
David Chacon

Attorney for Government
F.G. Maxwell Carr-Howard

---

may have merit, the Court rests its ruling on the finding that Defendant did make and informed and voluntary decision to submit to a breathalyser.